BRANTLEY, J.,
For The Court.
¶ 1. This appeal arises from a judgment from the Lamar County Chancery Court concerning child custody matters stemming from an emergency motion for suspension of visitation. Mrs. Hughs (the mother) appeals alleging several errors by the chancellor. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. The parents were granted joint custody of the minor child with primary physical custody in the mother on September 9, 1998. In July of 1999, the mother filed a motion for emergency suspension of visitation due to behavioral problems with the child and in response to evaluations by Dr. Stanley G. Smith, a forensic psychologist. The court suspended visitation ordering the parents and child to be evaluated by Dr. Smith. Visitation was granted to Mr. Hughs (the father) for Christmas of 1999. In February and March of 2000, several motions were filed concerning Dr. Smith’s evaluation, resolution of visitation and citations for contempt.
¶ 8. A hearing was held on March 28, 2000, where both parties were present with their attorneys. At the beginning of the hearing, the chancellor set forth what issues were before the court at that time and all parties agreed that the hearing involved the issues of visitation, travel expenses and citations for contempt. Both parents and Dr. Smith testified. Dr. Smith recommended that the child continue counseling with him and that the parents continue counseling with counselors of their own choosing. In addition, he recommended visitation continue with the father on a more extended basis. The original summer visitation schedule allowed for two three-week visits. However, Dr. Smith recommended that the summer visitation be continuous without any interruptions due to problems that were caused by the current summer visitation schedule and the need for the child to bond with the father.
¶ 4. On April 5, 2000, a judgment was entered setting a visitation schedule as discussed in the hearing with some modifications and settling several other custody matters. The chancellor denied the citations for contempt filed by the mother. Aggrieved, the mother appealed the judgment to this Court.
ANALYSIS OF THE ISSUES PRESENTED
STANDARD OF REVIEW
¶ 5. Our standard for reviewing the decision of a chancellor in domestic matters is well established. Chancellors are vested with broad discretion, and this Court will not disturb the chancellor’s findings unless the court was manifestly wrong, the court abused its discretion, or the court applied an erroneous legal standard. Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997). Mrs. Hughs urges this Court to reverse several rulings by the chancellor; however, she has failed to cite any law in support of the issues except for issue one. This Court is not required to address any argument which is not supported by authority. Hankins v. Hankins, 729 So.2d 1283, 1286 (¶ 11) (Miss.1999). See also Grey v. Grey, 638 So.2d 488, 491 (Miss.1994). Accordingly, we will *744 only address the first issue which was supported by authority.
DISCUSSION OF THE ISSUE
WHETHER THE TRIAL COURT ERRED IN PROCEEDING WITH A HEARING ON APPELLEE’S VISITATION WITH THE PARTIES’ MINOR CHILD, WHEN APPELLANT HAD NO NOTICE AND WAS NOT PREPARED FOR A HEARING ON THAT ISSUE UTILIZING A FORENSIC REPORT PROVIDED JUST ONE DAY PRIOR TO HEARING.
¶ 6. The mother argues that the court erred in holding a hearing on the issue of summer visitation, when she did not have any notification that this issue would be addressed at the hearing. Under the rules, a motion and notice of the motion must be served no later than five days prior to the hearing. M.R.C.P. 6(d). The mother does not deny that she had notice of the hearing, as she did attend, only that the particular issue of summer visitation was not properly before the court at that hearing on March 28, 2000. She argues that only three motions were before the court at that time.
¶ 7. After reviewing the three motions, we find that although the specific issue of summer visitation was not stated, the issue before the court at that hearing was modification of visitation which would necessarily include summer visitation. In addition, she argues that she was unprepared to discuss the issue of summer visitation in light of Dr. Smith’s report considering the report was not completed and provided to the parties until the day before the trial. However, Dr. Smith testified at the trial, under direct examination by the mother’s counsel, concerning the issue of summer visitation and his recommendations. We find this issue without merit.
¶ 8. Finding the chancellor did not abuse his discretion relating to the visitation and other issues, we affirm the chancellor’s order.
¶ 9. THE JUDGMENT OF THE CHANCERY COURT OF LAMAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.